IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARLENE FRENCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-00577 |
| | ) | Senior Judge Haynes |
| v. | ) | |
| | ) | |
| OXYGEN PLUS CORP., and | ) | |
| T. CISSY WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, Arlene French, filed this action under the Fair Labor Standards Act, (FSLA"),29 U.S.C. Section 216(b) against the Defendants Oxygen Plus Corp and T. Cissy White. Plaintiff asserts claims for retaliation by the Defendants after a Department of Labor investigation that resulted in Plaintiff and other employees receiving unpaid overtime compensation. Plaintiff also asserts state law claims for retaliatory wrongful discharge, statutory and common law tortious interference with contract.

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 39), recommending that the Defendants' pending motions to dismiss and for summary judgment be granted and that this action be dismissed with prejudice. Plaintiff filed objections to the report recommendation. In essence, the Magistrate Judge concluded that under the facts, Plaintiff had not demonstrated that she was about to testify in an FLSA proceeding as required by the FLSA retaliation statute. In addition, the Magistrate Judge concluded that with the proof that Defendant White owns 100 percent of Oxygen Plus, White is so closely related to Oxygen Plus

that under Tennessee law, there is not a third party necessary for Plaintiff's statutory and common law tortious interference claims. The Magistrate Judge further concluded that Plaintiff cannot utilize the FLSA retaliation statute as a predicate for her state common law retaliation claim because the FLSA preempts any such claim and Plaintiff did not identify any Tennessee law or public policy for that claim.

Upon review of the Plaintiff's objections, the Court adopts the Magistrate Judge's recommendations that Plaintiff's state law claims fail as a matter of law. First, Tennessee does not recognize a tortious inducement for procurement of a breach of contract for at-will employees. Smith v. Harriman Utilities Board, 26 S.W.3d 879, 886 (Tenn. Ct. App. 2000.) Moreover, under Tennessee law, a corporate officer who is closely related to the corporate defendant is not a third party required for these claims. West Conversion Systems, Inc. v. Green Stone Industry, Inc., 33 S.W.3d 779, 782 (Tenn. 2000). For Plaintiff's Tennessee common law claim for retaliatory discharge A member of this Court has determined that where the applicable federal law has a retaliation provision, any Tennessee common law retaliatory discharge claim based upon the federal law is preempted. McCallister v. Quality Mobile X-ray Services, Inc., 212 WL 3042972 at *4 (M.D. Tenn. July 25, 2012) (Trauger, J.) ( Family Medical Leave Act). This Court agrees and Plaintiff has not stated a Tennessee policy for this claim).

As to Plaintiff's FLSA retaliation claim, Plaintiff relies upon the fact that two emails that she sent to a co-employee that were attached as exhibits to that employee's FLSA action. Washington v. Oxygen Plus Corp, 3:12-cv-1084. Plaintiff contends that these attachments qualify under the FLSA retaliation statute as testimony she was about to give. According to the

proof, Washington, the co-employee action, was filed in this district on October 22, 2012. Id. at Docket Entry No. 1. The emails attached to the complaint are dated August 27, 2012. Id. at Exhibit A and B. The Washington complaint cites these emails as evidence of the retaliation against her. Id. at Paragraphs 25 through 31. The Plaintiff in this action was terminated on November 26, 2012.

Under the FLSA, an employee may file a retaliation claim where the employee "has filed any complaint or constituted or caused to be constituted any proceeding under or related to this chapter, has testified, **or is about to testify in any such proceeding...**" 29 U.S.C. §215(a)(3). (emphasis added). A showing of participation in protected activity under the FLSA is required for such a claim.. Adair v. Charter County of Wayne, 452 F.3d 482, 489 (6th Cir. 2006).

In the Court's view, the attachment of Plaintiff's emails in the Washington action reflects that Plaintiff would be "about to testify" within the meaning of the FLSA retaliation statute. Given that Plaintiff's emails were attached to the Washington complaint, Plaintiff's name would be required to be disclosed under Federal Rule of Civil Procedure 26(a)(1) as a person with knowledge of matters in the action in Washington. The Court notes that Ball v. Memphis Bar-B-Q Co., Inc., 228 F.3d 360, 365 (4th Cir. 2000) states that, "It is enough that the testimony be impending or anticipated" to state a claim under the FLSA retaliation provision. See also Hinsdale v. City Liberal, Kan., 19 Fed. Appx. 749, 756 (10th Cir. 2001) ( co-employee's decision to testify in that action constituted protected activity under the FLSA retaliation statute).

The Court concludes that, given the mandatory provisions of disclosure under Rule 26(a)(1) and the attachment of the Plaintiff's emails to the Washington FLSA action, that Plaintiff has made a sufficient showing for her FLSA retaliation claim.

In sum, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation **in part** such that the Defendant's motions to dismiss and for summary judgment (Docket Entry Nos. 23 and 24) is **GRANTED** to dismiss Plaintiff's state law claims, but are **DENIED** as to Plaintiff's FLSA claims.

It is so **ORDERED.**

**Entered** this the 30th day of March, 2015.

William J. Haynes, Jr
Senior United States District Judge